FILED

Timothy Lewis Whiting
P.O. Box 2456
Indio, CA 92201
Email: tw92240@hotmail.com
Tele: (760) 459-9177

In Pro Se

2017 JUL 12  PM 2:51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY JH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Lewis Whiting,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY OF PALM DESERT, California, a municipal corporation; PALM DESERT HOUSING AUTHORITY, a public agency; JANET MOORE, in her individual capacity as Executive Director of the Palm Desert Housing Authority; RAY DOUGLAS ANN & PATRICK, INC. (d/b/a RPM Company), a California corporation; TERESA VAKILI, in her individual capacity as a regional property manager with Ray Douglas Ann & Patrick, Inc.; FNU KOO, in her individual capacity as a regional property manager with Ray Douglas Ann & Patrick, Inc.; JACOB CANTU, in his individual capacity as a property manager with Ray Douglas Ann & Patrick, Inc.; and Jane Doe No. 1 and DOES 2-10,<br><br>    Defendants. | Case No. __CV.17-01395 JGB(kk)__<br><br><u>VERIFIED COMPLAINT</u><br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF AND<br>DAMAGES<br><br><br>UNLIMITED CIVIL CASE<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Timothy Lewis Whiting ("Plaintiff"), alleges as follows:

### NATURE OF THE ACTION

Plaintiff brings this action under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et seq. and particularly § 3617 (the "Fair Housing Act"); California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900 et seq. and particularly § 12955.7 ("FEHA"); Rescission of Settlement Agreement; Breach of Contract; Fraudulent Misrepresentation; and Fraudulent Inducement.

This lawsuit comes about to correct Defendants' unlawful housing practices on the basis of retaliation and discrimination, to remedy breach of a Mediation Settlement Agreement (the "Agreement"), and to provide appropriate relief to Plaintiff who was adversely affected by such practices.

Defendants retaliated and discriminated against Plaintiff by denying him housing and refusing to rent a subsidized apartment unit to him because Plaintiff had engaged in previous activity protected by state and federal law. Plaintiff alleges that such actions also establish a breach of the Agreement, which the Plaintiff and Defendants entered into in settlement. The Department of Fair Employment and Housing ("DFEH"), on Plaintiff's behalf, had previously filed a charge of discrimination against the Defendants. DFEH # 532297-155271.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a) and 42 U.S.C. § 3613.   Court has supplemental jurisdiction over state claims under 28 U.S.C. § 1367.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because Defendants are located in this District and all of the acts and/or omissions complained of herein have occurred or will occur in the District.

### GOVERNMENT CLAIMS ACT COMPLIANCE

3. Plaintiff's date of injury occurred on or about June 09, 2016. On December 06, 2016, Plaintiff complied with the provisions of the California Tort Claims Act (Gov. Code § 900 et seq.) by having filed a timely written administrative claim against Defendants City of Palm Desert and Palm Desert Housing Authority. A redacted copy of "Claim against the City of Palm

1    Desert" is attached as **Exhibit A**. The City rejected the claim on January 13, 2017. A true and

2    correct copy of the letter of rejection titled "Timothy Whiting v. City of Palm Desert" is attached
     as **Exhibit B**.

3

4         4.    All exhibits attached to this document are introduced by way of <u>adoption by</u>
     <u>reference</u> under Fed.R.Civ.P. 10(c).

5

6         ### EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER DFEH

7         5.    On or about June 09, 2016, Defendants injured Plaintiff. On May 31, 2017,

8    Plaintiff filed a complaint with DFEH against the City of Palm Desert, Palm Desert Housing

9    Authority, Ray Douglas Ann & Patrick Inc. (dba RPM Company), Ms. FNU Koo, Ms. Teresa

10   Vakili, Jacob Cantu, and Does 1-10 (collectively, "Defendants"), on the basis of retaliation. The

11   DFEH complaint is currently pending and plaintiff still awaits to be contacted within the next 60

12   business days by a DFEH representative. (See *Acknowledgement of Inquiry Filing Letter*, [DFEH
     Number 789481-293489] attached as **Exhibit C**.

13

14         ### PARTIES

15   **Plaintiff:**

16         6.    Plaintiff is an African-American adult male citizen of the United States, who is

17   more than 50 years of age, who currently resides at 300 S. Calle El Segundo, Apt# 83, Palm

18   Springs, CA 92262 and who at all relevant times of this action was a resident of the Central

19   District of California, in the County of Riverside.

20         7.    Plaintiff is a man with a disability as defined by 42 U.S.C. § 3602(h). Plaintiff's

21   disabilities limits his major life activities, including ear-drum noise level sensitivities. (See
     Plaintiff's *Social Security Administration and Department of Veterans Affairs Benefit*

22   *Verification Letters* attached as **Exhibit D** and **Exhibit E**, respectively.)

23         8.    Plaintiff is a participant in the Section 8 Housing Choice Voucher Program, 42

24   U.S.C. § 1437f, and has a Riverside County Section 8 Housing Choice Voucher ("Section 8

25   Voucher" or "Voucher") to assist in paying rent. (See Plaintiff's *Housing Assistance Payments*

26   *Contract, Voucher # V050-0000040* attached as **Exhibit F**.) While a prospective tenant under the

27   Defendants, Plaintiff was adversely affected by the acts, policies, and practices of the

28   Defendants.

**Defendants:**

9.      Defendant City of Palm Desert ("the City") is a municipal corporation organized under the laws of the State of California. Palm Desert is governed by a five-member City Council and a City Manager whom the City Council appoints. The City of Palm Desert was not named in the Agreement but is a Defendant in this here complaint.

10.      Defendant Palm Desert Housing Authority ("PDHA") is a public body corporate and politic created, *inter alia,* to provide decent, safe, and sanitary dwellings to persons of low income in Riverside County, California pursuant to Health & Safety Code, 34200 et seq. PDHA receives funding from the State of California and federal funding from the United States Department of Housing and Urban Development ("HUD"). The PDHA owns and operates over 1,000 public and subsidized affordable rental units, including the California Villas Apartments ("California Villas") a residential apartment complex consisting of 141 units located at 77-107 California Drive, Palm Desert, California 92211. The City Council members were appointed as the PDHA Board. The affordable rental units at California Villas and the PDHA's other public housing sites are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

11.      Defendant Janet Moore ("Ms. Moore"), in her individual capacity, as the Executive Director of the PDHA and is responsible for the implementation of the policies, rules, regulations, procedures, and practices of the PDHA and for making final administrative decisions.

12.      Defendant Ray Douglas Ann & Patrick Inc., doing business as RPM Company (hereafter "Ray Douglas Ann & Patrick"), is a California corporation with one of three of its principal places of business at 72-600 Fred Waring Drive, Palm Desert, California 92260. Ray Douglas Ann & Patrick is the management company for California Villas that includes pre-screening of prospective tenants.

13.      Upon information and belief, Defendants Teresa Vakili (Ms. Vakili"), FNU Koo ("Ms. Koo"), and Jacob Cantu ("Mr. Cantu") are and were at all times material hereto, individuals doing business as a leasing agent, property manager and landlord both in their individual capacities and under the corporate name of Ray Douglas Ann & Patrick, Inc. (dba RPM Company), located in Riverside County.

14.      Upon information and belief, the current principal place of business and current mailing address for Defendant Teresa Vakili is 1420 S. Mills Ave., Ste. M, Lodi, CA 95242. The

current principal place of business and current mailing address for Defendants FNU Koo and Jacob Cantu is 77-107 California Drive, Palm Desert, CA 92211.

15.    Plaintiff does not know the true names of defendants DOE 1 through DOE 10 inclusive, and therefore sues them by these fictitious names. Plaintiff will amend this complaint to include their names and capacities once they are known.

## FACTUAL ALLEGATIONS

16.    On or about March 05, 2015, California Villas former manager Aine Lopez (nondefendant, "Ms. Lopez") showed Plaintiff an apartment unit and then accepted Plaintiff's $100.00 holding deposit together with Plaintiff's first rental application.

17.    On or about March 17, 2015, Ms. Lopez informed Plaintiff that his rental application was not approved because of an unsatisfactory background check that occurred over 20-plus years ago.

18.    On or about March 23, 2015, Plaintiff made a disability-related request to Ms. Lopez and Ms. Koo for reconsideration based on a disability reasonable accommodation.

19.    Within one week, Ms. Koo called Plaintiff and reiterated the policy against renting to people with felonies is for an "indefinite time period." Plaintiff had preferred to rent at California Villas due to its single-level floor apartment units, its thick cemented blocked walls that keeps outside ambient noise levels and traffic sounds to a minimum, and also its location which is near Plaintiff's doctor's office.

20.    In April 2015, Ms. Vakili notified Plaintiff that his request for reasonable accommodation based on his disability was pending and she would email Plaintiff a list of other properties not belonging to PDHA. Plaintiff received email listing of nine properties.

21.    On June 11, 2015 (after about three long months of living on the streets and paying for motels), Plaintiff finally secured a Section 8 subsidized apartment at Parkwood Apartments ("Parkwood") located at 81777 Avenue 48, Indio, CA 92201. Plaintiff signed a one-year lease with Parkwood which was miles away from Plaintiff's doctor's office.

22.    On July 29, 2015, Plaintiff filed a verified written complaint in writing with HUD against PDHA, Ray Douglas Ann, & Patrick, Ms. Vakili, Ms. Koo, and Ms. Lopez because Plaintiff believed he was denied a reasonable accommodation and denied rental of an apartment unit due to his disability. (A true and correct copy of this complaint is attached as **Exhibit G**.)

23.    DFEH orchestrated a mediation hearing between Plaintiff (self-represented) and Respondents which resulted into an Agreement. The Agreement was executed in settlement of HUD Number 09-15-1329-8 and DFEH Number 532297-155271. Plaintiff requested $75,000 but for financial economic and personal family reasons, accepted a final offer of consideration in the amount of $5,000. (A true and correct copy of the *Settlement Agreement*, dated September 28, 2015, is attached to this Complaint as **Exhibit H**.

24.    In December 2015, three months after the Agreement, Plaintiff received a telephone call from California Villas property manager Mr. Cantu asking if Plaintiff was still interested in an apartment unit. Plaintiff informed Mr. Cantu that he was currently under a one-year lease at Parkwood Apartments ("Parkwood") located in Indio, California but Plaintiff still wanted his name to remain on California Villas waiting list.

25.    In anticipation of expiration of his Parkwood lease, on or about June 07, 2016, Plaintiff once again began searching for a subsidized apartment unit.

26.    On or about June 08, 2016, at another PDHA property. Plaintiff discovered his name remains active on California Villas waiting list.

27.    On or about June 09, 2016, Plaintiff did visit California Villas in hopes of securing a subsidized apartment unit.  While walking towards the main office area, Plaintiff witnessed a few available apartment units. Once inside the California Villas main office, Plaintiff took notice of three women and one male present.

28.    Unpleasantly, one person introduced herself by the name of Shirley ("Jane Doe No. 1") who Plaintiff presumed was the person who handled prospective future tenants. Jane Doe No. 1 can be described as being part Asian or Hispanic, in her late 40s or early 50s, short straight shoulder length black hair, standing about 5 feet 5 inches tall, thin weighing about 115 pounds, light-complexion, and wearing black-rimmed eyeglasses.

29.    Plaintiff briefly spoke with Jane Doe No. 1 concerning the Agreement and then proceeded to inquire about renting an apartment unit with the use of his Section 8 Voucher. Next Plaintiff asked Jane Doe No. 1 to check her computer to see if Plaintiff's name was at the top of California Villas waiting list, but she did not respond. Jane Doe No. 1 did not say California Villas had no units available but instead only asked Plaintiff's name and telephone number and that she would contact Plaintiff later on that same day. Jane Doe No. 1 never contacted Plaintiff.

30.      Because of Jane Doe No. 1 lack of candor, on or about June 10, 2016, Plaintiff returned to California Villas for a follow-up and was directed by an unknown female employee to call regional property manager Ms. Vakili. Plaintiff was permitted to use the California Villas office phone to speak with Ms. Vakili who gave reason for the refusal to rent was because of a provision included in the Agreement that states, "Claimant further agrees he will not apply for housing with Respondent in the future at any property owned or operated by the Respondent." (See attached **Exhibit H**, page 3, 1st paragraph, last sentence.)

31.      In addition, Ms. Vakili stated that Plaintiff has to seek out an apartment unit with a different housing authority other than PDHA because of the previously signed Agreement.

32.      At the time of executing the Agreement, in the belief that the entire Agreement was truthfully and statutorily lawful, Plaintiff explained to Ms. Vakili that the so called "will not apply…in the future" provision in the Agreement only precluded Plaintiff from reapplying as opposed to Plaintiff's first rental application having been granted approval with Plaintiff's name actively showing on PDHA's waiting list.

33.      In continued discussion, Plaintiff reminded Ms. Vakili that the Agreement does not include any provision denying or waiving Plaintiff's housing rights in regards to Plaintiff's first rental application based on a reasonable accommodation which was under PDHA's reconsideration and pending seven months prior to the DFEH mediation settlement hearing.

34.      On June 28, 2016, Plaintiff sent a certified letter to the PDHA and Ms. Vakili request for reconsideration after the denial of an apartment unit based the Agreement provision. Plaintiff's certified letter to Defendants fell on deaf ears with no response whatsoever. (A true and correct copy of the "*Request for Reconsideration after Denial*" is attached to this Complaint as **Exhibit I**.) A Public Housing Authority cannot deny someone housing simply because the person has exercised their protected rights under Title VIII and FEHA.

35.      The defendants inclusion of the unlawful provision in the Agreement was purposely designed to indefinitely bar Plaintiff from tenancy as a means of retaliation against him in response to Plaintiff's filing of the disability discrimination charge with HUD and the resulting settlement agreement dated September 28, 2015.

36.      Plaintiff claims that Defendants violated *paragraph 13* of the Agreement which provides that the Respondent "acknowledges that he or she has an affirmative duty under the FEHA not to discriminate, and that it is unlawful to retaliate against any person because that

person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the FEHA."

37.    On or about June 09, 2016, the Defendants retaliated against Plaintiff in response to his filing of a charge of discrimination with HUD and the ensuing settlement. The Defendant breached its contractual duties as set forth in paragraph 13 of the September 28, 2015, settlement agreement.

## Causes of Action

### Count I:
### (Defendants Retaliated in Violation of 42 U.S.C. § 3617 and Gov't Code § 12955.7)
### By Denying Housing and Refusing to Rent
### Because of Plaintiff's Previous Filing of a HUD Complaint

38.    The allegations in paragraphs 1 through 37 are adopted.

39.    On or about June 09, 2016, Defendants took adverse action against Plaintiff by denying him housing and refusing to rent him a subsidized apartment for the reason that Plaintiff had previously filed a HUD discrimination complaint.

40.    The Defendants were fully aware of Plaintiff's previous filing of a HUD discrimination complaint which is why they went to an extreme degree with the inclusion of a pretextual retaliatory provision in the *confidential* Agreement that permanently bars Plaintiff in the future from seeking a subsidized public housing in the City of Palm Desert, California.

41.    The Defendants' proffered reason using an unlawful provision in the Agreement in denying housing to Plaintiff clearly demonstrates subterfuge and deception in a pretextual nature.

### Count II:
### (Breach of Contract)

42.    The allegations in paragraphs 1 through 37 are adopted.

43.    On or about June 09, 2016, the Defendants breached its contractual duties as set forth in paragraph 13 of the September 28, 2015, settlement agreement.

44.    Plaintiff fulfilled his obligations under the Agreement.

45.    Plaintiff is willing to return the consideration but only after adjudication is complete.

46.     A Public Housing Authority cannot deny someone housing simply because the person has exercised their protected rights under Title VIII and FEHA.

47.     The mere fact that the parties were subject to a contract that could be canceled by either party at any time does not bar this suit.

## Count III:
### (Rescission of Settlement Agreement)

48.     The allegations in paragraphs 1 through 37 are adopted.

49.     Plaintiff's consent was obtained through duress and undue influence.

## Count IV:
### Fraudulent Misrepresentation

50.     The allegations in paragraphs 1 through 37 are adopted.

51.     On September 28, 2015, the defendants made a false representation of California law by including a provision in the Agreement that was unlawful and used confidently for pretextual retaliation.

52.     The Defendants' misrepresentation was made with knowledge that the provision was unlawful and false. The Defendants' knew the provision was illegal and was used under false pretenses to retaliate against plaintiff for an indefinite period in the future.

53.     The Defendants' misrepresentation was made with the intention of inducing Plaintiff to sign the agreement forever barring himself from defendants properties.

54.     As a self-represented layperson, Plaintiff relied on the defendants professional honesty into believing the Agreement was entirely lawful.

55.     The unlawful provision in the Agreement proximately caused Plaintiff to suffer damages.

## Count V:
### (Fraudulent Inducement)

56.     The allegations in paragraphs 1 through 37 are adopted.

57.     On September 28, 2015, the Defendants inclusion of the unlawful provision in the Agreement was knowingly false.

58.     Defendants made up the unlawful provision with the intent to deceive Plaintiff.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court enter an order that:

58.    Declares that Defendants' discriminatory conduct, as described above, violates the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. and Gov't Code §§ 12900 et seq. FEHA.

59.    Enjoin Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them, from:

a.    Making statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on disability;

b.    Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling because of disability;

c.    Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability;

d.    Coercing, intimidating, threatening, or interfering with a person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, the rights granted or protected by the Fair Housing Act;

e.    Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Plaintiff to an apartment unit at California Villas the position he would have been in but for the discriminatory conduct; and

f.    Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful practices; and,

60.    Awards monetary damages to Plaintiff pursuant to 42 U.S.C. § 3613(c)(1).

## **PLAINTIFF'S VERIFICATION**

I, <u>TIMOTHY LEWIS WHITING</u>, declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matter I believe it to be true. Dated this 12th day of July, 2017.

By:  _____

Timothy Lewis Whiting

In Pro Se

EXHIBIT A

RECEIVED
CITY CLERK'S OFFICE
PALM DESERT. CA

CITY OF PALM DESERT

**CLAIM AGAINST THE CITY OF PALM DESERT**
(For Damage(s) to Person(s) or Personal Property)

2016 DEC -6  PM 4: 47

ASSIGNED CLAIM NO. _782_

Received by: _Grace L. Mendoza_

via:  U.S. Mail _____   Interoffice Mail _____   Over-the-Counter _✓_

**A CLAIM MUST BE FILED WITH THE CITY CLERK OF THE CITY OF PALM DESERT WITHIN SIX MONTHS AFTER WHICH THE INCIDENT OR EVENT OCCURRED.  BE SURE YOUR CLAIM IS AGAINST THE CITY OF PALM DESERT, NOT ANOTHER PUBLIC ENTITY.  WHERE SPACE IS INSUFFICIENT, PLEASE USE ADDITIONAL PAPER AND IDENTIFY INFORMATION BY PARAGRAPH NUMBER.  COMPLETED CLAIMS MUST BE MAILED OR DELIVERED TO THE CITY CLERK, CITY OF PALM DESERT, 73-510 FRED WARING DRIVE, PALM DESERT, CA 92260.**

TO THE HONORABLE MAYOR AND CITY COUNCIL, City of Palm Desert, California:

The undersigned respectfully submit(s) the following claim and information relative to damage(s) to person(s) and/or personal property:

1.  **CLAIMANT INFORMATION:**

   NAME _Timothy Whiting_
   ADDRESS _____
   PHONE NO _____   DATE OF BIRTH: _____
   SOCIAL SECURITY NO. _____   DRIVER'S LICENSE NO. _____

2.  Name, telephone number and post office address to which claimant desires notices to be sent, if other than above:

   _____

3.  Occurrence or event from which the claim arises:

   a.  DATE: _June 09, 2016_   b.  TIME: _10am - 2PM_   c. PLACE (exact and specific location) _California Villas Apartments 77-107 California Dr. Palm Dert. CA 9211_
   _Palm Desert Housing Authority, RPM Corporate Office, 72-600 Fred Waring, Palm Desert CA 9260_

   d.  How and under what circumstances did damage or injury occur?  Specify the particular occurrence, event, act or ommission you claim caused the injury or damage.  (Use additional paper if necessary.) _California Villas Apartment management refuse to rent me an apartment and totally rejected my inquiry as to whether my name was at the top of the waiting list. RPM management retaliated against me for having previously filed a discrimination complaint with the Department of Fair Employment and Housing (DFEH)._

   e.  What particular action by the City, or its employees, caused the alleged damage or injury? _California Villas Apartment refuse to rent me an apartment and refuse to tell me if my name was at the top of waiting list. RPM management retaliation was a breach of contract/breach of Settlement Agreement. Also City attorneys allegedly acted fraudulently when making the previous Settlement Agreement/by including a provision encompassing future rental applications_

Page 1 of 2

12

4.  Give a general description of the indebtedness, obligation, injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim.  If there were no injuries, state "no injuries": *California Villas and RPM Management denial or refusal to rent me an apartment caused me to become homeless, spent monies on rental vehicles for apartment searches as well as bus passes. My homebeing hostle lasted for approximately 3 months. And other damages as well.*

5.  Give the name(s) of the City employee(s) causing the damage or injury: *Janet Moore, Teresa Vakili, Dianne Estrada, TC Khoo and unknown Doe others.*

6.  Name and address of any other person(s) injured: *none*

7.  Name and address of the owner of any damaged property: *Timothy Whiting*

8.  Damages claimed:
    a.  Amount claimed as of this date:  $ *75,000.00*
    b.  Estimated amount of future costs:  $ *unknown at this time*
    c.  Total amount claimed:  $ *75,000.00*
    d.  Basis for computation of amounts claimed (include copies of all bills, invoices, estimates, etc.): *Still collecting reciepts*

9.  Names and addresses of all witnesses, hospitals, doctors, etc.: *Timothy Whiting*

10. Any additional information, including police reports, which might be helpful in considering this claim: *n/a*

**WARNING: IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!    (PENAL CODE 72; INSURANCE CODE 556.1).**

I have read the matters and statements made in the above claim, and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief as to such matters I believe the same to be true.  I certify under penalty of perjury that the foregoing is TRUE AND CORRECT.

Signed this *6* day of *December*, 20*16*, at *Palm Desert, California*.

_____    _____
SIGNATURE OF CLAIMANT                SIGNATURE OF CLAIMANT

Office of the City Clerk, Palm Desert, California    DOC. NO. *782*  DATE FILED *12-6-16*

Page 2 of 2

Timothy Lewis Whiting                              *Certified Mail*

Telephone

June 28, 2016

Ms. Teresa Vakili
Palm Desert Housing Authority
RPM Palm Desert Corporate Office
72-600 Fred Waring Drive
Palm Desert, CA 92260
Tel. 760-674-1139

Re:  Reconsideration of Denial for Subsidized Housing Unit at Palm Desert Housing
     Authority's California Villas Apartments

Dear Ms. Teresa Vakili:

On June 07, 2016, I sought out subsidized housing at Laguna Palms Apartments located in
Palm Desert, California. In doing so, I met with Property Manager Maribel Rios who informed
me that there is approximately a one year waiting list. During this meeting, I discovered that this
property is managed by the RPM Company. I informed Ms. Rios that my name remains active
on RPM Company managed California Villas Apartments waiting list. Ms. Rios entered my
name into her computer system and confirmed that since December 2015 my name remains
active on California Villas waiting list. Being on RPM Company's waiting list did not require
me to reapply or submit a second rental application with Laguna Palms Apartments. As a result,
Ms. Rios simply entered my name on Laguna Palms Apartments waiting list. Before leaving, I
received Ms. Rios's business card and thanked her.

On June 09, 2016,  I did visit California Villas Apartments in Palm Desert, CA in hopes
of securing a subsidized section 8 apartment unit since my name has remained active on
California Villas waiting list for over a year.  Upon my arrival at California Villas, I spoke with
Miss Shirley ("Shirley") from management. I informed Shirley that my name remains active on
California Villas Apartment waiting list; therefore, I would like to rent an apartment unit using
my Section 8 Housing Voucher.  I also asked Shirley to check my name on the waiting list to see
if my name is at the top but she did not respond. Instead, Shirley asked and took down my
name and telephone number and mentioned that she would contact me later that day, but she
never called me. Due to Shirley's lack of candor, I accepted that Palm Desert Housing
Authority and California Villas denied my request for a subsidized housing one bedroom unit.

Next, I took this matter up with RPM Management Miss Teresa Vakili ("Vakili") who informed me that I had signed a previous discrimination Settlement Agreement (the "Agreement") and therefore, I could not apply for an apartment unit at any property owned or operated by Palm Desert Housing Authority. Ms. Vakili makes reference to a provision in the Agreement that states, "<u>Claimant further agrees he will not apply for housing with Respondent in the future at any property owned or operated by the Respondent.</u>" However, I reminded Vakili that my name remains active on the California Villas waiting list. But again, Ms. Teresa reiterated that I have to seek out an apartment unit with a different housing authority other than Palm Desert Housing Authority as a result of the previous signed Agreement. To differ, it is my sincere belief that the so called "will not reapply" provision in the Agreement only precluded me from reapplying as opposed to my first application already being approved and on the waiting list.

In retrospect and despite having signed the Agreement, I now believe that I was retaliated against with the inclusion of such a provision that basically forever restrains me from engaging in any business with the Palm Desert Housing Authority who owns and operates substantial subsidized properties in the City of Palm Desert. Furthermore, it is to my recent understanding that the "will not reapply" provision in the Agreement is perhaps illegal and/or violation of public policy. A violation of public policy makes a provision unenforceable. To be noted, I believe that RPM Company/Palm Desert Housing Authority attorneys made a false representation of California law by drafting such a "will not reapply" provision as part of the Agreement.

I am a disabled person according to federal law. This is to give notice to requesting the following relief:   (1) if my name is not at the top of the waiting list then my name be placed at the top of the waiting list so that I can be placed in the first available subsidized 1 bedroom apartment unit at California Villas Apartments located in Palm Desert, CA.

Please let me know within ten days of the date of this letter whether you will grant the requested relief. I appreciate your prompt attention to this matter.

Sincerely,

Timothy L. Whiting
Section 8 Housing Voucher Holder

Cc: Teresa Vargas-Patterson, Department of Fair Employment & Housing
Cc: Paola Ortiz, Riverside County Housing Authority

2 of 2

15

# EXHIBIT B

16



73-510 Fred Waring Drive
Palm Desert, California 92260-2578
TEL: 760 346-0611
info@cityofpalmdesert.org

January 13, 2017


**VIA CERTIFIED MAIL AND U.S. MAIL**


Mr. Timothy Whiting
Post Office Box 2456
Indio, California 92202

Dear Mr. Whiting:

> **Subject:** **Timothy Whiting v. City of Palm Desert**
> Claim dated December 6, 2016 (Government Code §§ 910 et seq.)

This notice is issued in response to the Government Claim (Claim) that you presented to the City of Palm Desert (City) on December 6, 2016. For purposes of this notice, we have considered the Claim in two parts:

Part 1:      That portion of the Claim, if any, that accrued not more than one year before the filing of the Claim and that does not involve death, injury to person or to personal property or growing crops.

Part 2:      That portion of the Claim that accrued more than one year before the filing of the Claim and that does not involve death, injury to person or to personal property or growing crops.

> Part 1

With respect to the portion of the Claim described as Part 1, you are notified as follows:

The Claim you presented to the City on December 6, 2016, was rejected by the City Council on January 12, 2017.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your

Mr. Timothy Whiting
Page 2
January 13, 2017

choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Part 2

With respect to the portion of the Claim described as Part 2, you are notified as follows:

The Claim you presented to the City on December 6, 2016, is being returned because it was not presented within one year after the event or occurrence as required by law. See Government Code sections 901 and 911.2.  Because the Claim was not presented within the time allowed by law, no action was taken on the Claim.

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Sincerely,

RACHELLE D. KLASSEN, MMC
CITY CLERK

rdk

CITY OF PALM DESERT

PRINTED ON RECYCLED PAPER

18

# EXHIBIT C



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

May 31, 2017

TIMOTHY WHITING
300 S EL SEGUNDO APT#83
PALM SPRINGS, California 92262

RE: **ACKNOWLEDGEMENT OF INQUIRY FILING**
      DFEH Inquiry Number: 789481-293489

Your inquiry has been received.  Thank you for filing an inquiry with the Department of Fair Employment and Housing.  A Department representative will contact you within the next 60 business days to discuss your inquiry.

Complainant's telephone number: (760) 459-9177
Complainant's email address: tw92240@hotmail.com
Subtype: Housing
Basis: Engagement in protected activity
Harm: Retaliation Denied rental/lease/sale
Last date of harm: May 31, 2017


Department of Fair Employment and Housing

# EXHIBIT D



# Social Security Administration

TIMOTHY L WHITING
PO BOX 2456
INDIO CA 92202-2456

Date: October 25, 2016
Claim Number: XXX-XX-7438A
XXX-XX-7438DI

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

**Information About Current Social Security Benefits**

Beginning December 2014, the full monthly Social Security benefit before any deductions is $990.40.

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is $990.00.
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

**Information About Past Social Security Benefits**

From December 2013 to November 2014, the full monthly Social Security benefit before any deductions was $973.90.

We deducted $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment was $973.00.
(We must round down to the whole dollar.)

**Type of Social Security Benefit Information**

You are entitled to monthly disability benefits.

**Information About Supplemental Security Income Payments**

Beginning February 2014, the current Supplemental Security Income payment is $0.00 .

# EXHIBIT E



**DEPARTMENT OF VETERANS AFFAIRS**
810 Vermont Ave NW
Washington, D.C. 20420

October 25, 2016

Timothy L Whiting                                    In Reply Refer to:
Po Box 2456                                          xxx-xx-7438
Indio, CA 92202                                      27/eBenefits

Dear Mr. Whiting:

This letter certifies that Timothy L Whiting is receiving service-connected disability compensation from the Department of Veterans Affairs.

The current benefit paid is as follows:

| | |
|---|---|
| **Gross Benefit Amount** | $133.17 |
| **Net Amount Paid** | $133.17 |
| **Effective Date** | December 1, 2014 |
| **Combined Evaluation** | 10 percent |

## How You Can Contact Us

- If you need general information about benefits and eligibility, please visit us at https://www.ebenefits.va.gov or http://www.va.gov.
- Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.
- Ask a question on the Internet at https://iris.va.gov.

Sincerely,

Robert T. Reynolds, Director
Benefits Assistance Service

24

# EXHIBIT F

25



# HOUSING AUTHORITY
## of the County of Riverside
website: www.harivco.org

DATE: 11/22/2016

OWNER:     HERITAGE PALM SPRINGS INV CO LLC DBA LA VENTANA APTS
           300 S. CALLE EL SEGUNDO
           PALM SPRINGS, CA 92262

                                    VOUCHER # : V058-0000040
                                    ASSISTED      300 S Calle EL Segundo Apt. 83
                                    UNIT:         Palm Springs, CA 92262

           TIMOTHY L WHITING
           300 S Calle EL Segundo Apt. 83
           Palm Springs, CA 92262

THE HOUSING ASSISTANCE PAYMENTS (HAP) CONTRACT entered into between the Owner and the Housing Authority on behalf of
the LESSEE (FAMILY) for the above-noted Contract Unit is amended as follows:

The reason for this change is due to:
### NEW ADMISSION                          INTERIM  REEXAMINATION
                                           Interim change in family income/household size
X        CHANGE OF UNIT                     RENT ADJUSTMENT
         Move with continued assistance    The owner/agent request for a rent increase
### ANNUAL REEXAMINATION                    OTHER
         Annual review of family income
### PAYMENT STANDARD DECREASE
The Payment Standard amount used in determining your portion of rent has decreased for your subsidy size. At your next annual
reexamination, or if you move, the lower Payment Standard amount will be applied to your rent calculation and your portion of rent may
increase.  The exact amount will depend on your authorized subsidy size. This is in addition to any other changes you report.

CHANGES IN PAYMENTS:

| Rent to Owner | $870.00 |
|---|---|
| HAP to Owner | $630.00 |
| Tenant Rent to Owner | $240.00 |

### AUTHORIZED TENANTS:
         TIMOTHY L WHITING

This change is presented to you in accordance with the terms and conditions of the Contract and/or Lease Agreement and shall be attached to
and made a part of your Contract and/or Lease Agreement.  All other covenants, terms and conditions of the original Contract and/or Lease
Agreement remain the same.

### EFFECTIVE DATE:
This change to the HAP Contract and Lease Agreement will be effective **November 03, 2016**.  The next reexamination is due on **November, 01
2017**.

*TO THE FAMILY ONLY:  If you require further explanation, please contact your PHA representative.  If you disagree with this decision, you
may request an informal hearing by submitting a written request to this office within 10 days of this notice or your right to a hearing will be
waived.

_____          _____11/22/2016_____
Linda Lopez

CC:      <CC>

26

# EXHIBIT G

27



STATE OF CALIFORNIA | Department of Fair Employment and Housing                                                                HOUSING

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

532297-155271

Apartment                                  77-107 CALIFORNIA DRIVE, PALM                              141
                                           DESERT, CALIFORNIA 92211

                                           Discrimination

                                           April 13, 2015

                                           Disability

                                           Denied reasonable accommodation, Denied
                                           rental/lease/sale

I. In or around March 2015, I was denied reasonable accommodation and I was denied rental of an apartment located at 77-107 California Dr., Palm Desert, CA 92260. There are 141 units on the property, which is owned by the Palm Desert Housing Authority. The property is managed by Aine Lopez of Ray Douglas Ann & Patrick, Inc. dba RPM Company. The property is also managed by Ms. FNU Koo and Teresa Vakili. II. I believe I was denied reasonable accommodation and denied rental because of my disability, which is a violation of Government Code section 12955(a). My beliefs are based on the following:

a. In March 2015, I applied for an apartment at the subject property and in the same month, Aine Lopez notified me that my rental application was not approved because an unsatisfactory background check and that criminal background reports including any 1 felony or 2 misdemeanors will not be acceptable for approval of rental application. On March 23, 2015, I made a disability-related request to Aine Lopez and Ms. Koo to waive the prohibition against leasing to anyone with any 1 felony and to reconsider my application with an individualized assessment. Within one week, Ms. Koo called me and reiterated the policy against renting to people with felonies within an indefinite time period. I informed her that HUD established rules to include a look-back period as part of the tenant selection plan and Ms. Koo restated that "it's indefinite." To date, my reasonable accommodation has not been granted and there was insufficient interactive process.

b. In April 2015, Teresa Vakili notified me that my reasonable accommodation request was pending and that she would email me a list of other properties not belonging to RPM. Shortly thereafter, she emailed me a list of 9 properties. I believe I was subjected to discriminatory steering to other properties.

FORM REV 7/2015

Page 2

**Timothy Lewis Whiting**
E-signed 2015-07-29 12:05AM PDT
tw92240@hotmail.com

Document Integrity Verified                                                  Adobe Document Cloud Transaction Number: XQKJZIR7X43XT3G





STATE OF CALIFORNIA | Department of Fair Employment and Housing                                    HOUSING

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

532297-155271

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, except as to matters stated on my information and belief, and as to those matters I believe them to be true.

Signature of Complainant or Complainant's Legal Representative:

*Timothy L. Whiting*

Timothy Lewis Whiting

Date:
Jul 29, 2015

FORM REV 7/2015
Page 3

**Timothy Lewis Whiting**
E-signed 2015-07-29 12:05AM PDT
tw92240@hotmail.com

✔ Document Integrity Verified                                    Adobe Document Cloud Transaction Number: XQKJZIR7X43XT3G

# EXHIBIT H

30

## SETTLEMENT AGREEMENT – Housing

DFEH Case Name(s): **Whiting/Ray Douglas Ann & Patrick, Inc.**
**dba RPM Management Company**
DFEH Case Number(s): **532297-155271**
HUD Case Number(s): **0091513298**

This Agreement is made and entered into by and between
("Complainant") **Timothy Whiting**
And
("Respondent") **Ray Douglas Ann & Patrick, Inc. dba RPM Management Company/**
**Aine Lopez/FNU Koo/Teresa Vakili/Palm Desert Housing Authority**
collectively the "parties," on this **28**th day of **September 2015**.

1. The parties understand and agree that this Settlement Agreement ("Agreement") does not constitute an admission of liability or wrongdoing on the part of the Respondent, or that the facts and circumstances alleged in Complainant's complaint of discrimination are true.

*2. The parties further understand and agree that the confidentiality of the mediation process leading up to this Agreement shall be maintained in full accordance with the provisions of Evidence Code section 1115, et seq., and as provided in the DFEH's Agreement to Mediate and Confidentiality Form signed by the parties.

2A. ~~The parties agree that the occupancy standard described in this Agreement is a standard agreed to for the purpose of resolving this matter. The parties further agree that inclusion of an occupancy standard in this Agreement does not represent a finding, after full and final adjudication, that the agreed-upon standard meets the non-discrimination mandates of the California Fair Employment and Housing Act and the federal Fair Housing Act.~~[1]

3. In consideration of the promises of the Respondent contained in paragraph (6) of this Agreement, the Complainant agrees not to institute or cause to be instituted any action in state of federal court, or before any local, state, or federal governmental entity, that arises out of or reasonably relates in any manner to the alleged unlawful acts and/or omissions of Respondent (or any of Respondent's agents, employees, or representatives) with respect to the above referenced charge(s) or any other matter relating to or arising out of Complainant's charge of discrimination.

4. The Complainant and Respondent agree that after signing this Agreement, the above-described complaint of discrimination will be administratively closed.

---

[1] This paragraph must be used when the DFEH complaint alleges discriminatory occupancy standards.

* Provisions enumerated in this Agreement with an asterisk, i.e., paragraphs 2, 6 (a), 6 (b) 12, 14, 15, 16, 17 & 19 are mandatory provisions, which must be included in all Settlement Agreements resolved through the DFEH's Dispute Resolution Division.

2333017v.1

31

Page 2

5. Complainant acknowledges that the consideration identified in paragraph (6) of this Agreement is made in full and complete satisfaction of any and all present and prospective claims, demands, actions, causes of action, liabilities, and/or damages of any kind whatsoever claimed by Complainant in connection with the alleged actions or activities that gave rise to the above-referenced complaint, and hereby releases and forever discharges Respondent, its agents, elected officials, employees and representatives from all such claims, demands, actions, causes of action, liabilities, and/or damages.

*6. In exchange for the promises of Complainant set forth above, Respondent agrees to:

> *Pay Complainant, Timothy Whiting, five thousand dollars and 00/100 cents ($5,000.00). Payment shall be made via check or money order payable to Timothy Whiting. Payment shall be tendered within two calendar days of Respondent receiving proof of Complainant's signature on all necessary settlement/closure documents. Payment will be sent via certified mailing and/or tracking information to:*
>
> *Timothy Whiting*
> *PO BOX 2456, Indio, CA 92201*
>
> *Within thirty (30) days from the date that this Agreement is fully executed post a Department of Fair Employment and Housing Fair Housing Poster (DFEH-164H and/or DFEH/FS/11-2014) that prohibits discrimination in the living environment on the basis of race, color, religion, national origin, ancestry, disability, sex, gender, gender identity, gender expression, sexual orientation, source of income, marital status, familial status, genetic information, age. DFEH poster shall be posted in a conspicuous place at the subject property and proof of such posting shall be submitted via email with "DFEH MATTER #532297-155271 POSTING PROOF" in the subject line within thirty (30) days from the date that this Agreement is fully executed to:*
>
> *lisa.zeltner@dfeh.ca.gov*

---

* Provisions enumerated in this Agreement with an asterisk, i.e., paragraphs 2, 6 (a), 6 (b) 12, 14, 15, 16, 17 & 19 must be included in all Settlement Agreements resolved through the DFEH's Dispute Resolution Division.

2333017v.1

Page 3

*Complainant on behalf of himself, his agents, attorneys, successors in interest, subrogees, subrogors, heirs, executors, administrators and assigns hereby releases and forever discharges Respondent, and all persons, agents, servants, representatives, officers, directors, stockholders, elected officials, employees, including, but not limited to attorneys, associations, joint ventures, corporations, parent corporations, subsidiaries, related entities, affiliates, partners, members, predecessors and successors in interest, insurers and their agents, re-insurers, and assigns, and all other legal entities with whom Respondent has been, is now, or may hereafter be affiliated with, (collectively "Releasees"), from any and all claims, demands, obligations, actions, causes of action, liabilities, and losses of every kind and nature whatsoever from any and all liability for claims known or unknown arising prior to the date of execution of this Agreement. This release includes, without limiting the generality of the foregoing: any and all claims, demands, causes of actions, obligations, charges, liabilities, damages, penalties, attorneys' fees, and costs relating to, arising out of, or based upon claims of discrimination, in violation of State or Federal law; all claims based on tort and/or breach of contract, whether written or oral, express or implied, and any covenant of good faith and fair dealing; all claims for emotional distress; all claims for equitable relief; any and all claims which were or could have been asserted. Claimant further agrees he will not apply for housing with Respondent in the future at any property owned or operated by the Respondent.*

*This Agreement may be executed in counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to constitute one and the same document. Signatures delivered by facsimile or electronic transmission shall be accepted as though originals*

7.  Complainant and Respondent mutually agree that this Agreement is confidential to the extent permitted by law and that its terms and conditions may not be disclosed to any third party, except for the parties' attorneys, tax advisors, or spouses, and except as compelled by law, including but not limited to the California Public Records Act as necessary to enforce the terms of the Agreement in the event of default by a party, or in the event the DFEH needs to reopen the case.

8.  The parties agree that the provisions of this Agreement are contractual and not mere recitals.

9.  Each party, in signing this Agreement, warrants that he/she has the authority to bind the entity or individual on whose behalf the party has signed.

10. The parties understand and agree that this Agreement constitutes the sole Agreement between the parties regarding the above-described complaint of discrimination and that, in signing this Agreement, the parties have not relied on any other promises, inducement, or representations, other than as expressly set forth

---

* Provisions enumerated in this Agreement with an asterisk, i.e., paragraphs 2, 6 (a), 6 (b) 12, 14, 15, 16, 17 & 19 must be included in all Settlement Agreements resolved through the DFEH's Dispute Resolution Division.

2333017v.1

33

Page 4

herein, in deciding to sign this Agreement. This Agreement constitutes the sole Agreement between the parties as to the above-described complaint of discrimination and may only be modified in a writing signed by all parties.

11. If any provision of this Agreement is held to be invalid and/or unenforceable, the Agreement shall be considered as if the invalid and/or unenforceable portion did not exist, with all remaining portions considered valid and enforceable.

*12. The parties agree and understand that if Respondent defaults in its obligations under this Agreement, in whole or in part, the DFEH has the authority to file a civil action to enforce this Agreement in court or to reopen the complaint, continue its investigation, and pursue the complaint to the full extent of the DFEH's statutory powers.

13. Respondent acknowledges that he or she has an affirmative duty under the FEHA not to discriminate, and that it is unlawful to retaliate against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the FEHA.

*14. In signing this Agreement, the parties agree, understand, and intend that this Agreement shall be binding and enforceable as permitted under law.

*15. Should any party fail to comply with its obligations under this Agreement, in whole or in part, in any action or proceeding brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

*16. In signing this Agreement, Respondent and Complainant acknowledge that neither the mediator nor the DFEH or any of its agents or employees has served as an attorney or a tax advisor to either Respondent or Complainant. Respondent and Complainant further acknowledge that each has the right to consult with an attorney, to seek tax advice, and to review this Agreement with an attorney and /or tax or tax consultant, prior to signing.

*17. This Agreement shall be interpreted under the laws of the State of California.

18. In signing this Agreement, Complainant hereby waives any rights that Complainant has, or after signing this Agreement may have, as set forth under Civil Code section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of

---

* Provisions enumerated in this Agreement with an asterisk, i.e., paragraphs 2, 6 (a), 6 (b) 12, 14, 15, 16, 17 & 19 must be included in all Settlement Agreements resolved through the DFEH's Dispute Resolution Division.

2333017v.1

Page 5

executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

*19. By their respective signatures, Respondent and Complainant acknowledge that: 1) they have carefully read and fully understand all the provisions of this Agreement; 2) they are voluntarily entering into this Agreement with full knowledge of the rights they may be waiving; 3) they have entered into this Agreement based on their own judgment; and 4) they have not relied upon any representations or promises not contained in this Agreement.

Dated: _10/1/15_    _TIMOTHY WHITING_____
                      Complainant's Name (Print)

                      _Timothy Whiting_____
                      Complainant's Signature

Dated: _____    _____
                           Respondent's Name & Job Title (Print)

                           _____
                           Respondent's Signature

* Provisions enumerated in this Agreement with an asterisk, i.e., paragraphs 2, 6 (a), 6 (b) 12, 14, 15, 16, 17 & 19 must be included in all Settlement Agreements resolved through the DFEH's Dispute Resolution Division.

2333017v.1

EXHIBIT I

Timothy Lewis Whiting
P.O. Box 2456
Indio, CA 92202-2456
Telephone (760) 459-9177

June 28, 2016

Ms. Teresa Vakili
Palm Desert Housing Authority
RPM Palm Desert Corporate Office
72-600 Fred Waring Drive
Palm Desert, CA 92260
Tel. 760-674-1139

Re:  Reconsideration of Denial for Subsidized Housing Unit at Palm Desert Housing
     Authority's California Villas Apartments

Dear Ms. Teresa Vakili:

      On June 07, 2016, I sought out subsidized housing at Laguna Palms Apartments located in Palm Desert, California. In doing so, I met with Property Manager Maribel Rios who informed me that there is approximately a one year waiting list. During this meeting, I discovered that this property is managed by the RPM Company. I informed Ms. Rios that my name remains active on RPM Company managed California Villas Apartments waiting list. Ms. Rios entered my name into her computer system and confirmed that since December 2015 my name remains active on California Villas waiting list. Being on RPM Company's waiting list did not require me to reapply or submit a second rental application with Laguna Palms Apartments. As a result, Ms. Rios simply entered my name on Laguna Palms Apartments waiting list. Before leaving, I received Ms. Rios's business card and thanked her.

      On June 09, 2016,  I did visit California Villas Apartments in Palm Desert, CA in hopes of securing a subsidized section 8 apartment unit since my name has remained active on California Villas waiting list for over a year.  Upon my arrival at California Villas, I spoke with Miss Shirley ("Shirley") from management. I informed Shirley that my name remains active on California Villas Apartment waiting list; therefore, I would like to rent an apartment unit using my Section 8 Housing Voucher.  I also asked Shirley to check my name on the waiting list to see if my name is at the top but she did not respond. Instead, Shirley asked and took down my name and telephone number and mentioned that she would contact me later that day, but she never called me. Due to Shirley's lack of candor, I accepted that Palm Desert Housing Authority and California Villas denied my request for a subsidized housing one bedroom unit.

Next, I took this matter up with RPM Management Miss Teresa Vakili ("Vakili") who informed me that I had signed a previous discrimination Settlement Agreement (the "Agreement") and therefore, I could not apply for an apartment unit at any property owned or operated by Palm Desert Housing Authority. Ms. Vakili makes reference to a provision in the Agreement that states, "Claimant further agrees he will not apply for housing with Respondent in the future at any property owned or operated by the Respondent." However, I reminded Vakili that my name remains active on the California Villas waiting list. But again, Ms. Teresa reiterated that I have to seek out an apartment unit with a different housing authority other than Palm Desert Housing Authority as a result of the previous signed Agreement. To differ, it is my sincere belief that the so called "will not reapply" provision in the Agreement only precluded me from reapplying as opposed to my first application already being approved and on the waiting list.

In retrospect and despite having signed the Agreement, I now believe that I was retaliated against with the inclusion of such a provision that basically forever restrains me from engaging in any business with the Palm Desert Housing Authority who owns and operates substantial subsidized properties in the City of Palm Desert. Furthermore, it is to my recent understanding that the "will not reapply" provision in the Agreement is perhaps illegal and/or violation of public policy. A violation of public policy makes a provision unenforceable. To be noted, I believe that RPM Company/Palm Desert Housing Authority attorneys made a false representation of California law by drafting such a "will not reapply" provision as part of the Agreement.

I am a disabled person according to federal law. This is to give notice to requesting the following relief: (1) if my name is not at the top of the waiting list then my name be placed at the top of the waiting list so that I can be placed in the first available subsidized 1 bedroom apartment unit at California Villas Apartments located in Palm Desert, CA.

Please let me know within ten days of the date of this letter whether you will grant the requested relief. I appreciate your prompt attention to this matter.

Sincerely,

Timothy L. Whiting
Section 8 Housing Voucher Holder
(760) 459-9177

Cc: Teresa Vargas-Patterson, Department of Fair Employment & Housing
Cc: Paola Ortiz, Riverside County Housing Authority

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

*TIMOTHY LEWIS WHITING*

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

*CITY OF PALM DESERT, etal.*

**(b)** County of Residence of First Listed Plaintiff *RIVERSIDE*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

*TIMOTHY WHITING  (760) 459-9177*
*P.O. BOX 2456*
*+ IUDIO, CA 92201*

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*42 U.S.C. § 3617, Cal. Gov't Code § 12955.7 (RETALIATION)*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:  *CV 17-01395*

CV-71 (07/16)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? <br> ☐ Yes  ☑ No <br><br> If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? <br><br> ☐ Yes  ☑ No <br><br> If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? <br><br> *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) <br><br> *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? <br><br> ☐ Yes  ☑ No <br><br> If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? <br><br> *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) <br><br> *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. <br> Orange County | B. <br> Riverside or San Bernardino County | C. <br> Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☑ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☑ | ☐ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☑ No | ☑ Yes  ☐ No |
| If "yes," your case will initially be assigned to the <br> SOUTHERN DIVISION. <br> Enter "Southern" in response to Question E, below, and continue from there. <br> If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the <br> EASTERN DIVISION. <br> Enter "Eastern" in response to Question E, below. <br> If "no," your case will be assigned to the WESTERN DIVISION. <br> Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | EASTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☑ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**  ☑ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**  ☑ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A.  Arise from the same or a closely related transaction, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A.  Arise from the same or a closely related transaction, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _Timothy H. Whiting_    DATE: _July 12, 2017_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |